428

■

## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Martin Fagin

April 4, 2003

Case No. 02-308

■

BY JUDGE EDWARD L. HOGSHIRE

Martin Fagin is charged with speeding in violation of Virginia Code § 46.2-874. Defendant objected to the testimony of Officer Faron R. Ocheltree regarding the results of a Laser Speed Determination Device ("Laser") as to Defendant's speed. After due consideration of applicable law, the presentation of the evidence, the argument of counsel on January 15, 2003, and supporting memoranda, for reasons set forth below, Defendant's objection is sustained; and the charge is dismissed.

*Facts*

Officer Ocheltree testified that on May 30, 2002, at about 2:21 p.m., he was checking the speed of traffic in the 900 block of Rugby Road using a Laser. He testified that he detected Defendant's vehicle at a distance of 283 feet, coming toward him at a speed of 38 m.p.h. in a 25 m.p.h. zone. Officer Ocheltree testified further that Defendant stated he believed he was going about 32 m.p.h. at the time. However, he stated that based on his training and experience as a police officer, he believed that Defendant's vehicle was travelling in excess of 32 m.p.h.. Officer Ocheltree stated that the vehicle was

heading almost directly toward him and that he observed the vehicle through the lens of the Laser.

As evidence that the Laser was operating properly, the Commonwealth attempted to introduce a *"Certificate of Calibration"* dated April 5, 2002, from Kustom Signals, Inc., signed by Kevin J. Unrein. In addition, Officer Ocheltree testified that he checked the device each morning to confirm its ability to detect two specified distances. However, he stated that the only way to confirm the accuracy of the Laser in determining the speed of a moving vehicle was by the certificate issued by Kustom Signals.

## Question Presented

Is Officer Ocheltree's testimony regarding the results of the Laser as to Defendant's speed admissible pursuant to Virginia Code § 46.2-882?

## Analysis

The Defendant objects to the admission of Officer Ocheltree's testimony regarding the results of the laser device regarding his speed on two grounds. First, Defendant argues that the Commonwealth has not established that the population of the City of Charlottesville is between 40,000 and 50,000, and thus the Commonwealth has failed to establish that the City was authorized to use a Laser pursuant to Va. Code § 46.2-882 (paragraph 5, entry VII). Second, Defendant argues that the Commonwealth has failed to establish that the Laser was working properly as required by § 46.2-882 (paragraphs 1-2).

Virginia Code § 46.2-882 (paragraph 5, entry VII) states in relevant part:

> [C]ities having populations of at least 40,000 but less than 50,000 . . . may use laser speed determination devices . . . to measure speed.

Virginia Code §§ 1-13.22 and 1-13.35, read together, indicate that when the effect of a statute is dependent upon a certain population, such is judged as of the last census report figures prior to the statute being enacted. The Commonwealth presented evidence that at the time the statute was enacted in 2000, the last census report figures were from 1990. The Commonwealth presented further evidence that this census showed the

population of Charlottesville to be between 40,000 and 50,000. Therefore, the Commonwealth has met its burden on this issue.

Va. Code § 46.2-882 (paragraphs 1-2) state, in relevant part:

> The speed of any motor vehicle may be determined by the use of (i) a laser speed determination device. . . . The results of such determinations shall be accepted as prima facie evidence of the speed of such motor vehicle in any court or legal proceeding where the speed of the motor vehicle is at issue.
>
> In any court or legal proceeding in which any question arises about the calibration or accuracy of any laser speed determination device . . . a certificate, or a true copy thereof, showing the calibration or accuracy of the speedometer of any vehicle or of any tuning fork employed in calibrating or testing the device, and when and by whom the calibration was made, shall be admissible as evidence of the facts therein stated.

The Virginia Supreme Court has held that Va. Code § 46-215.2, the predecessor to Va. Code § 46.2-882, did "not eliminate the necessity for the Commonwealth to prove that the machine used for measuring speed had been properly set up and recently tested for accuracy." *Royals v. Commonwealth*, 198 Va. 876, 881, 96 S.E.2d 812, 816 (1957). The Court has upheld the *Royals* rule as applied to Va. Code § 46.2-882. *See Gray v. Commonwealth*, 18 Va. App. 663, 666, 446 S.E.2d 480, 482 (1994).

In *Gray*, the Supreme Court held that either tuning fork tests or speedometer tests would be deemed sufficient to prove the accuracy of the device used for measuring speed. *Id.* Although Va. Code § 46.2-882 provides an exception to the hearsay rule for a certificate showing the accuracy of the speedometer or tuning fork used in testing the device, it does not provide such an exception for a certificate showing the accuracy of the device itself. Therefore, the "Certificate of Calibration" from Kustom Signals is not admissible as evidence that the Laser was "properly set up and recently tested for accuracy."

The only evidence offered by the Commonwealth that the Laser was recently tested for accuracy was the testimony of Officer Ocheltree that he checked the device each morning to confirm its ability to detect two specified distances. However, the Officer stated that this would not be sufficient to confirm its accuracy in its ability to determine the speed of a moving vehicle.

Accordingly, the Court finds that as the Commonwealth has not met its burden of proving that the Laser was "properly set up and recently tested for

accuracy," testimony regarding the results of the Laser is inadmissible and the charge should be dismissed.